**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICKEY LEE HILL,

        Plaintiff,

vs.

CHRISTIAN ROWLEY et al.,

        Defendants.

3:15-cv-00038-RCJ-VPC

**ORDER**

This is a prisoner civil rights case brought under 42 U.S.C. § 1983. For the reasons given herein, the Court grants the Motion to Proceed in Forma Pauperis (ECF No. 1) and dismisses the Complaint under 28 U.S.C. § 1915A.

**I.    LEGAL STANDARDS**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint

upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  DISCUSSION

### A.  Count One

On April 29, 2014 Defendant Christian Rowley, a white corrections officer, "gripped [Plaintiff's] ass" while handcuffing Plaintiff to take him to see the nurse. (Compl. at 4, ECF No. 1-1).  Plaintiff was neither the only black inmate nor the only sex offender on the tier (Plaintiff does not allege whether he was the only black sex offender on the tier), but he was the only inmate who had his buttocks gripped by Rowley. (*Id.* at 5).  Rowley targeted Plaintiff because Plaintiff is a black, homosexual sex offender. (*Id.* at 4–4A).  The Court perceives the claim as one for Eighth Amendment sexual harassment and violation of the Fourteenth Amendment's Equal Protection Clause.

#### 1.  Eighth Amendment Sexual Harassment

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishment. U.S. Const. amend. VIII.  "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012).  To state an Eighth Amendment claim based on sexual harassment or

abuse, a plaintiff must allege "the officials act[ed] with a sufficiently culpable state of mind and . . . the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* (internal quotation marks omitted; alteration in original).  "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *see also Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (holding that a "brief unwanted touch on [the] buttocks," while inappropriate, does not constitute "objectively serious injury").

The Court finds that Plaintiff fails to state a claim for Eighth Amendment sexual harassment or abuse.  Plaintiff alleges no more than a brief, unwanted touch.  The Court therefore dismisses the claim, without leave to amend.

    **2.**    **Fourteenth Amendment Equal Protection**

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The first step in determining whether officers violated a prisoner's right to equal protection is identifying the relevant class to which the prisoner belonged. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).  "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).  "An equal protection claim will not lie by conflating all persons not injured into

1  a preferred class receiving better treatment than the plaintiff." *Id.* (internal quotation marks
2  omitted).
3        The Court finds that Plaintiff fails to state a claim for violation of the Equal Protection
4  Clause.  The only alleged discrimination by Rowley is that he gripped Plaintiff's buttocks.  As
5  discussed above, allegations of a brief, unwanted physical touch, with no allegations of physical
6  or psychological harm, fail to state a claim under § 1983. *Watison*, 668 F.3d at 1113; *Berryhill*,
7  137 F.3d at 1076.  Plaintiff does not allege any other type of disparate action taken against him
8  based on his membership in a protected class.  The Court therefore dismisses Plaintiff's
9  Fourteenth Amendment claim, without leave to amend.
10      **B.    Count Two**
11        In count two, Plaintiff alleges that on April 29, 2014, Rowley strip-searched Plaintiff in
12  his cell before taking him to see the nurse. (*Id.* at 6).  During the search, Rowley told Plaintiff "to
13  open [his] vagina" and referenced Plaintiff being "in prison for sucking on that little boy's dick."
14  (*Id.*).  Rowley's motive for making these statements was to make Plaintiff's life in prison more
15  difficult and "bring harm to him" because Rowley "knows the majority of convicts hate sex
16  offenders." (*Id.* at 7).  Plaintiff further contends that Rowley's "actions were
17  deliberate/intentional to instill fear in Plaintiff and bring harm to him," and that the incident
18  placed Plaintiff's life in jeopardy. (*Id.* at 6–7).  Plaintiff claims that Officer Barrows and two
19  other inmates witnessed the incident. (*Id.*).  Plaintiff alleges that Rowley intentionally treated
20  Plaintiff differently from other sex offenders because Plaintiff is black and "labeled a gay-bi sex-
21  offender." (*Id.* at 7).  Plaintiff alleges that Rowley did not discriminate against a white sex
22  offender in the same unit who had a female, black victim. (*Id.*).  Plaintiff also alleges he is
23  Jewish and that Rowley knew it. (*Id.* at 6).  The Court understands Plaintiff to be asserting claims
24

for failure to protect under the Eighth Amendment and violation of the Fourteenth Amendment's Equal Protection Clause.

### 1. Eighth Amendment Failure to Protect

Under the Eighth Amendment, prison officials "must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks omitted). To establish a violation of this duty, a prisoner must show prison officials were deliberately indifferent to serious threats to the prisoner's safety. *Id.* at 834. To show prison officials were deliberately indifferent to serious threats to an inmate's safety, an inmate must establish "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837.

Plaintiff has not stated a colorable failure to protect claim. Exposure to verbal taunts or threats is not enough to implicate the Eighth Amendment as to damages. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Plaintiff seeks only monetary and declaratory relief, not any injunctive relief. Also, Plaintiff has claimed only a generalized fear of harm, not a substantial risk of serious harm, and he has alleged no resulting harm. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996) ("[I]t is [a] reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. . . . Simply put, Babcock alleges, not a 'failure to prevent harm,' but a failure to prevent exposure to risk of harm. This does not entitle Babcock to monetary compensation." (citation omitted)). The Court therefore dismisses this claim, without leave to amend.

### 2. Fourteenth Amendment Equal Protection

The Court finds Plaintiff has not stated a colorable claim under § 1983 for violation of the Equal Protection Clause. State discrimination based on prior sex offenses is not subject to

heightened scrutiny under the Equal Protection Clause. *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012).  However, Plaintiff alleges Rowley intentionally singled him out for worse treatment than other sex offenders because Plaintiff is homosexual, black, and Jewish, discrimination according to which categories receives heightened scrutiny under the Equal Protection Clause. *See Latta v. Otter*, 771 F.3d 456, 468 (9th Cir. 2014) (sexual orientation); *Johnson v. State of California*, 207 F.3d 650, 655 (9th Cir. 2000) (race); *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (religion).  The claim that Rowley treated sex offenders who were not black, gay, or Jewish differently, however, is conclusory.  Plaintiff alleges Rowley did not treat a white sex offender, Jeremy Strohmeyer, with similar disdain.  Plaintiff alleges that he never personally witnessed Rowley treat Strohmeyer similarly, but—unlike a Title VII plaintiff who alleges that he or she was terminated but other persons otherwise similarly situated but of different relevant backgrounds were not—Plaintiff does not allege knowledge of the lack of equally bad treatment of the other person(s), only that he never witnessed it.  In fact, Strohmeyer recently filed (not his first) lawsuit in this Court against Ely State Prison personnel for alleged failure to protect, and, unlike Plaintiff, he alleged actual harm resulting from the failure.  The Court finds that Plaintiff has not stated an equal protection violation, and the Court dismisses the claim, without leave to amend.

  **C. Count Three**

  Plaintiff alleges that on May 31, 2014, Defendant K. Spiers, a corrections officer, strip-searched Plaintiff in his cell before taking him to a disciplinary hearing. (*Id.* at 8).  After the search, Spiers handed him his boxers and shoes, but not his shirt. (*Id.*).  He requested his shirt back, but Spiers stated "you like to show your ass off so now you can show your tits." (*Id.*).  Plaintiff alleges that when the other inmates heard Spiers' remark, they began whistling and making homosexual epithets and threatening to "kill his gay ass if they ever see him." (*Id.* at 8–

9). Spiers then made Plaintiff walk the tier wearing only a pair of boxers. (*Id.* at 8). Additionally, when Plaintiff was in the shower, Spiers made Plaintiff bend over and cough four times despite the fact Plaintiff did it correctly the first time. (*Id.* at 9). Plaintiff contends that when he told Spiers he would file a complaint about the incident, Spiers responded he would "write him up" if he did. (*Id.*). Plaintiff alleges Spiers then submitted a false rules violation stating Plaintiff sexually harassed Spiers, which charge was later dismissed. (*Id.*). Plaintiff alleges that because of the incidents involving Spiers, Plaintiff has developed irrational phobias of showering, going to the recreation yard, or doing anything outside of his cell because it requires being stripped down and potentially sexually harassed. (*Id.* at 10). According to Plaintiff, Spiers did not subject other similarly situated inmates to similar treatment. (*Id.*). Plaintiff claims Spiers targeted Plaintiff "because I'm black, and I'm labeled a gay-sex-offender, who practices Judism [sic]." (*Id.*). The Court understands Plaintiff to assert claims for Eighth Amendment failure to protect and violation of the Fourteenth Amendment's Equal Protection Clause.

        **1.**     **Eighth Amendment Failure to Protect**

Plaintiff fails to state an Eighth Amendment failure to protect claim. Although Plaintiff alleges Spiers forced him to walk the tier wearing only boxers, causing other inmates to make sexual epithets and threats against Plaintiff, and made him bend over and cough multiple times in the shower, Plaintiff does not allege facts indicating that Spiers knew of and disregarded an excessive risk to Plaintiff's safety. He does not allege that any harm resulted or that the incident is plausibly likely to increase any risk of harm to him beyond the risk of harm from other inmates having already known that he was homosexual and a sex offender. As such, the Court dismisses this Eighth Amendment failure to protect claim against Spiers, without leave to amend.

///

### 2. Fourteenth Amendment Equal Protection

The Court finds that Plaintiff has not stated a colorable claim for violation of the Equal Protection Clause. Plaintiff alleges Spiers intentionally treated him differently from other similarly situated inmates. Specifically, Plaintiff alleges Spiers made him walk the tier wearing only boxers and made him bend over and cough multiple times in the shower "because I'm black, and I'm labeled a gay-sex-offender, who practices Judism [sic]." (*Id.*). The allegations are conclusory, however, as to dissimilar treatment of non-black, non-Jewish, and/or heterosexual sex offenders. As noted *supra*, the only counterexample given is one that does not tend to show unequal treatment.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Proceed in Forma Pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall DETACH and FILE the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint is DISMISSED, and the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 24th day of June, 2015.

_____
ROBERT C. JONES
United States District Judge