UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL,<br><br>                             Plaintiff,<br><br>v.<br><br>C. ROWLEY, et al.,<br><br>                             Defendants. | 3:15-cv-00038-RCJ-VPC<br><br>**AMENDED[1] REPORT AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant Christian Rowley's ("Rowley") motion for summary judgment. (ECF No. 24.) Plaintiff Rickie Hill ("plaintiff") filled an opposition and cross-motion for summary judgment, (ECF No. 30), and defendant replied, (ECF No. 31). Having thoroughly reviewed the record, the court hereby recommends that Rowley's motion for summary judgment be granted.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is incarcerated at Ely State Prison ("ESP") in Ely, Nevada. Pursuant to 42 U.S.C. § 1983 and proceeding *pro se*, plaintiff brings a civil rights action against ESP Correctional Officer Christian Rowley ("Rowley"). (ECF No. 5.) According to the complaint, Rowley "gripped [plaintiff's] ass" while handcuffing plaintiff for transport to the nurse. (*Id.* at 4.) Plaintiff contends that

---

[1] The original Report and Recommendation, (ECF No. 41), contained a clerical error recommending that the clerk enter judgment and close the case. The court may *sua sponte* correct a clerical error whenever one is found in the judgment, order, or other part of the record. FED. R. CIV. P. 60(a). In order to conform to the court's "contemporaneous intent" that plaintiff's case proceed to trial, this Amended Report and Recommendation removes the recommendation that the clerk enter judgment and close the case. *Metso Minerals, Inc. v. Powerscreen Int. Distribution Ltd.*, 297 F.R.D. 213 (E.D.N.Y. 2014). This amendment corrects a clerical error only; therefore, the parties need not refile the objection to report and recommendation (ECF No. 42) or the response (ECF No. 44).

Rowley's actions constitute sexual harassment, as well as intentional discrimination "based on the fact that plaintiff is a Gay-Black-Sex-Offender on NDOC charts." (*Id.* at 4-5.)

On June 24, 2015, the District Court screened and dismissed plaintiff's complaint. (ECF No. 4.) Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals and, on August 26, 2016, the Ninth Circuit reversed the dismissal in part. (ECF No. 13.) The court found that plaintiff had stated a cognizable Eighth Amendment sexual harassment claim and Fourteenth Amendment equal protection claim against Rowley. (ECF No. 13.) The Ninth Circuit remanded the case for further proceedings. (*Id.*) On February 28, 2017, the parties participated in a mediation session as part of the District of Nevada's early inmate mediation program, but did not settle. (ECF No. 23.) On May 1, 2017, Rowley moved for summary judgment. (ECF No. 24). On August 28, 2017, plaintiff filed an opposition and cross-motion for summary judgment. (ECF No. 30). Rowley filed a timely reply to plaintiff's opposition, (ECF No. 31), and filed a motion to stay plaintiff's cross-motion for summary judgment until after resolution of Rowley's motion for summary judgment, (ECF No. 32). On September 21, 2017, plaintiff filed a reply in support of his opposition to summary judgment, (ECF No. 33), which the defendants moved to strike as an impermissible surreply filed without leave of court (ECF No. 35). The court granted Rowley's motion to stay plaintiff's cross-motion for summary judgment on October 3, 2017, (ECF No. 38), and the court granted Rowley's motion to strike on November 16, 2017 (ECF No. 40). This recommended disposition follows.

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine"

only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and

meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### III. DISCUSSION

#### A. Legal Standards for Civil Rights Claims under § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

##### 1. Eighth Amendment Sexual Harassment Claim

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. U.S. CONST. amend. VIII. Whether a specific act constitutes "cruel and unusual punishment" is measured by "the evolving standards of decency that mark the progress of a maturing society." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotations omitted). In evaluating a prisoner's claim, courts consider (1) whether prison guards assaulted the prisoner "with a sufficiently culpable state of mind" and (2) whether the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Hudson*, 503 U.S. at 8.

The first subjective factor requires a prisoner to show that a prison guard acted "maliciously and sadistically to cause harm." *Whitley v. Albers*, 475 U.S. 312, 320 (1986). In certain instances, malicious and sadistic intent may be assumed from a prison guards conduct itself, but only in the absence of a legitimate penological purpose for the physical act. *Wood v. Beauclair*, 692 F.3d 1041, 1049-50 (9th Cir. 2012). The Ninth Circuit has held that "sexual contact between a prisoner and a prison guard serves no legitimate role and 'is simply not part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 1050 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). (allegation that prison guard "reached her hand into [plaintiff's] gym shorts, and stroked his penis" sufficient to infer malicious and sadistic intent).

Similarly, evidence that a prison guard sexually assault a prisoner may, in itself, establish the second, objective factor of an Eighth Amendment claim. A prisoner is not required to show that he suffered physical injury to prove that the alleged injury was sufficiently harmful, "[r]ather, the only requirement is that the officer's actions be 'offensive to human dignity." *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000). In the Ninth Circuit, "a sexual assault on a prisoner by a prison guard is always deeply offensive to human dignity and is completely void of penological justification." *Wood*, 692 F.3d at 1051 (internal quotations omitted).

2.  **Fourteenth Amendment Equal Protection Claim**

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "In the prison context, however, even fundamental rights such as the right to equal protection are judged by a standard of reasonableness — specifically, whether the actions of prison officials are 'reasonably related to legitimate penological reason.'" *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Jordan v. Gardner*, 986 F.2d 1521, 1530 (9th Cir. 1993).

The preliminary inquiry in an equal protection claim is identifying the plaintiff's relevant class, which is "comprised of similarly situated persons so that the factor motivating the alleged

discrimination can be identified." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (internal quotation omitted). Next, "a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Because the claim requires proof of intentional discrimination, "[m]ere indifference" to the unequal effects on a particular class does not establish discriminatory intent. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005).

### B. Failure to Exhaust Administrative Remedies

#### 1. Exhaustion under the PLRA

Rowley argues that plaintiff did not properly exhaust available administrative remedies. (ECF No. 24 at 8.) The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90).

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendants bear the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendants make such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

## 2. NDOC's Inmate Grievance System

Administrative Regulation ("AR") 740 governs the grievance process at NDOC institutions. An inmate must grieve through all three levels: (1) Informal; (2) First Level; and (3) Second Level. (*See* ECF No. 24-4 at 2–13.) The inmate may file an informal grievance within six months "if the issue involves personal property damages or loss, personal injury, medical claims or any other tort claims, including civil rights claims." (*Id.* at 6.) The inmate's failure to submit the informal grievance within this period "shall constitute abandonment of the inmate's claim at this, and all subsequent levels." (*Id.* at 7.) NDOC staff is required to respond within forty-five days. (*Id.* at 8.) An inmate who is dissatisfied with the informal response may appeal to the formal level within five days. (*Id.*)

At the first formal level, the inmate must "provide a signed, sworn declaration of facts that form the basis for a claim that the informal response is incorrect," and attach "[a]ny additional relevant documentation." (*Id.*) The grievance is reviewed by an official of a higher level, who has forty-five days to respond. (*Id.* at 9.) Within five days of receiving a dissatisfactory first-level response, the inmate may appeal to the second level, which is subject to still-higher review. (*Id.*) Officials are to respond to a second-level grievance within sixty days, specifying the decision and the reasons the decision was reached. (*Id.*) Once an inmate receives a decision disposing of the second-level grievance, he or she is considered to have exhausted available administrative remedies and may pursue civil rights litigation in district court.

An official grievance response that exceeds the timeframe does not result in an automatic finding for the inmate. (*Id.* at 5.) Rather, AR 740.038 requires the official to complete the response, even if it is overdue. (*Id.*) In turn, the inmate may await the response before appealing, with the applicable timeframe suspended until the inmate receives the overdue response. (*Id.*) Alternatively, the inmate may immediately appeal to the next grievance level without awaiting a response, though this option is not available at the second-grievance level.

## 3. Exhaustion of Plaintiff's Fourteenth Amendment Claim against Rowley

Rowley asserts that plaintiff failed to properly exhaust his Fourteenth Amendment equal protection claim. (*See* ECF No. 24 at 8.) In support of his position, Rowley has attached

plaintiff's grievance #2006-29-78899, which serves as the basis of plaintiff's complaint. The grievance sets forth only the following factual allegations: "On 4-29-14, while cuffing me to go see the nurse, C/O Rowley gripped my ass." (ECF No. 24-3.) Rowley argues that plaintiff's grievance does not indicate that Rowley took any action against plaintiff because of plaintiff's status in a class protected by the Fourteenth Amendment. (ECF No. 24 at 8) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Plaintiff, therefore, failed to "put grievance responders on notice of a discrimination ... claim against Rowley." (*See* ECF No. 31 at 7.)

Plaintiff does not appear to dispute that his grievance lacks factual allegations that Rowley gripped his buttocks on the basis of plaintiff's membership in a protected class. (*See* ECF No. 30.) Instead, plaintiff argues that the prison administration exceeded their allotted time frames for responding to plaintiff's grievance. (*Id.* at 3,4.) Plaintiff also attaches an emergency grievance he filed on the day of the incident, where he describes offensive remarks that Rowley made while "while strip[ing] [plaintiff] out ...." (*Id.* at 11.)

After reviewing plaintiff's grievances, the court agrees with Rowley. First, plaintiff's claim that the prison administration exceeded their deadlines in responding to plaintiff's grievance is irrelevant to whether plaintiff provided the prison with sufficient notice of "the nature of the wrong for which redress is sought" before litigating his claim. *Griffin*, 557 F.3d at 1120. Furthermore, the emergency grievance that plaintiff provides lacks any indication that Rowley had the required intent to discriminate against plaintiff because of plaintiff's membership in a protected class. According to the emergency grievance, Rowley told plaintiff to "open your vagina" and that "you in prison for sucking on that little boys [sic] dick." (ECF No. 30 at 11.) To the extent these statements are taken as true, they are targeted at plaintiff's status as a sex offender and sex offenders are not a protected class under the Fourteenth Amendment. *See U.S. v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001).

Plaintiff's grievance #2006-29-78899 suffers from a similar lack of specificity. It states simply that Rowley "gripped [plaintiff's] ass." (ECF No. 24-3 at 2.) The grievance does not suggest that Rowley acted on the basis of plaintiff's membership in a protected class, nor does it identify the protected classes of which plaintiff is a member. (*See id.*) In contrast, plaintiff's

complaint alleges that Rowley intended to discriminate against plaintiff by touching him because plaintiff is a "gay-black-sex offender," and because plaintiff is "Jewish." (ECF No. 5 at 5, 6.) Without these allegations, grievance reviewers would have no basis to infer that Rowley's alleged conduct, although despicable, was motivated by plaintiff's membership in a protected class. *Griffin*, 557 F.3d at 1120 (inmate's grievance must "alert[] the prison to the nature of the wrong for which redress is sought").

The Ninth Circuit recognizes "class of one" equal protection claims, where a plaintiff alleges that "discriminatory treatment was intentionally directed just at him, as opposed ... to being an accident or random act." *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (2008). The Ninth Circuit found that plaintiff's complaint met this standard because it alleged that Rowley touched plaintiff "intentionally to discriminate against him ...." (ECF No. 13 at 2). Indeed, Plaintiff's complaint alleges that he was "not the only Blackman [sic] on the tier, nor was he the only sex offender, but ... he was the only inmate on that tier who was taken advantage of by [Rowley] ...." (ECF no. 5 at 5.) Again, however, the court must note that plaintiff's grievance ##2006-29-78899 lacks the specificity of his complaint. Plaintiff's grievance does not indicate that Rowley targeted plaintiff in particular. (*See* ECF No. 24-3 at 2.) Even if plaintiff's use of the word "grip" is interpreted to rule out the possibility of an accident, nothing in plaintiff's grievances provide notice to grievance reviewers that Rowley touched plaintiff with the intent to "treat the plaintiff differently from others similarly situated" for purposes of identifying a "class of one" equal protection claim. *North Pacifica LLC*, 526 at 486 (2008). Accordingly, the court finds that plaintiff failed to exhaust his administrative remedies pursuant to AR 740 prior to bringing his Fourteenth Amendment equal protection claim in district court. *See id.* at 1120.

The burden now shifts to plaintiff to show that these remedies were not available to him. *Albino*, 747 F.3d at 1172. Plaintiff asserts that there is "no instruction on how [inmates] are supposed to word grievances to state sex abuse claims," and that prison officials should have issued plaintiff a "3098" form instructing him to cure the deficiencies in his grievance. (ECF No. 30 at 3, 4, 5.) However, AR 740.04 instructs inmates to include in their informal grievance "all

documentation and factual allegations available to the inmate ...." (ECF No. 24-5 at 7.) Plaintiff failed to comply with these minimal instructions because he did not include in his grievances the factual allegations made in his complaint that Rowley discriminated against plaintiff for being a "gay-black-sex offender ...." (ECF No. 5 at 5.) Furthermore, nothing in AR 740 required prison officials to issue plaintiff a 3098 form instructing him to include these previously undisclosed factual allegations. (*See* ECF No. 24-5 at 10.) Plaintiff failed to exhaust his administrative remedies and presents insufficient evidence that such remedies were effectively "unavailable." Accordingly, the court concludes that plaintiff failed to exhaust available administrative remedies prior to filing this action as to his Fourteenth Amendment equal protection claim.

### 4. Exhaustion of Plaintiff's Eighth Amendment Claim against Rowley

Rowley also contends that plaintiff failed to properly exhaust his Eighth Amendment sexual harassment claim against him. (*See* ECF No. 24 at 8.) Again, Rowley refers to plaintiff's grievance #2006-29-78899 and claims that this grievance fails to allege that he acted with the sexual or malicious intent necessary to state a claim for sexual harassment under the Eighth Amendment. (ECF No. 24 at 8, 9) (citing *Whitney v. Albers*, 475 U.S. 312, 319 (1986)). Without any further context provided, a grievance reviewer "would have no basis for determining that [plaintiff] was alleging sexual abuse or whether he had simply been handled roughly during handcuffing." (ECF No. 24 at 9.) Plaintiff responds that he provided sufficient context in a separate grievance — his emergency grievance — where he alleged that "when C/O Rowley stripped me out he told me to open my vagina." (ECF No. 30 at 11.) Plaintiff explains that he did not include Rowley's remarks in his grievance #2006-29-78899 because "we can only grieve one issue per informal [grievance]." (*Id.* at 6.) In Rowley's reply, he asserts that plaintiff's grievance #2006-29-78899 and plaintiff's emergency grievance were filed ten days apart and assigned to different grievance responders. (ECF No. 31 at 6.) There is no evidence that plaintiff informed the staff that the two grievances concerned the same incident despite the fact that plaintiff is experienced with the grievance process. (*Id.*) Rowley contends that the only

nexus between the two grievances is that they both concern events that occurred on April 29, 2017. (*Id.*)

Viewing the evidence in the light most favorable to plaintiff, the court cannot conclude as a matter of law that plaintiff failed to properly exhaust his sexual harassment claim. Where the grievance system does not state the level of specificity required for exhaustion, the court requires the grievance to alert the prison to the nature of the wrong for which the redress is sought. *See Griffin*, 557 F.3d at 1120. A prisoner's allegation that a prison guard touched him in a sexual manner is sufficient to state an Eighth Amendment claim even absent allegations of the prison guard's intent or resulting injury to plaintiff. *Wood*, 692 F.3d 1048-51. Here, plaintiff's grievance alleges that Rowley "gripped" his buttocks. This allegation is in itself sufficient to state a sexual harassment claim under the Eighth Amendment, (*see id.*), so it follows that his allegation is also sufficient to "provide notice of the harm being grieved" for purposes of exhausting his administrative remedies. *See Griffin*, 557 F.3d at 1120 (factual specificity required in a grievance is less than that required for a prisoner to state and prove a legal claim in court). The court finds that plaintiff properly exhaust his Eighth Amendment sexual harassment claim against Rowley because his grievance "provide[d] enough information ... to allow prison officials to take appropriate responsive measures" to the specter of an Eighth Amendment sexual assault claim. *Id.* at 1120 (quoting *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004)).

C.   **Analysis on the Merits of Plaintiff's Eighth Amendment Claim**

Rowley argues there is no evidence that he gripped plaintiff's buttocks. (ECF No. 24 at 9.) In support of his position, Rowley provides his sworn declaration, plaintiff's grievance history, and the record of disciplinary charges he filed against plaintiff, and the hearing officer's inquiry and disposition. (ECF Nos. 24-1, 24-2, 24-3, 24-4.) Rowley asserts that "there are no medical records, staff reports, or eyewitness accounts verifying that a "grip" occurred, nor does plaintiff's disciplinary record contain an allegation that Rowley touched plaintiff inappropriately." (ECF No. 24 at 9.) In response, plaintiff provides his sworn declaration that states under penalty of perjury that Rowley "gripped [his] ass" while "saying homosexual things to me." (ECF No. 30 at 16.) Plaintiff also provided an affidavit from inmate Thomas Wright,

who declares under penalty of perjury that he witnessed Rowley "reach into [plaintiff's] cell and grabbed his buttocks ...." (*Id.* at 15.) Rowley contend that plaintiff's declaration is blatantly contradicted "by the other pieces of the record" and must therefore be discounted. (ECF No. 31 at 8.)

The case to which Rowley cites to discount plaintiff's declaration, *Scott v. Harris*, 550 U.S. 372, 380 (2007), involved a plaintiff whose allegations were "clearly contradict[ed]" by authenticated video evidence. *Id.* at 378. Rowley fails to provide such irrefutable evidence, and instead relies on his own declaration and the accounts of a disciplinary hearing against plaintiff. (ECF No. 24 at 8-10.) Furthermore, plaintiff's declaration is not wholly unsupported by the record because the affidavit from Thomas Wright supports his claim that Rowley grabbed his buttocks. (ECF No. 30 at 15.) Because a reasonable jury could find plaintiff's declaration and Thomas Wright's affidavit credible and conclude that Rowley in fact grabbed plaintiff's buttocks, plaintiff has demonstrated the existence of a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 248.

Rowley further contends that even if Rowley inappropriately grabbed plaintiff, plaintiff cannot show that the grabbing was sufficiently serious as a matter of law to rise to the level of an Eighth Amendment violation. (ECF No. 24 at 9.) Rowley relies on cases outside the Ninth Circuit, primarily *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998). In *Berryhill*, the court found that multiple unwanted touches of an inmate's buttocks by correctional officers were not objectively harmful enough under the Eighth Amendment because the touching "was not accompanied by any sexual comments or banter, and the inmate thought the defendants were trying to embarrass him, not rape him." *Id.* Rowley's claim is unavailing because plaintiff has provided his emergency grievance as evidence that Rowley's touching was accompanied by sexual comments that plaintiff "open [his] vagina," and that plaintiff is "in prison for sucking on that lil boys [sic] dick." (ECF No. 30 at 11.) The emergency grievance alleges that Rowley made his remarks on April 29, 2014 – the same day that plaintiff alleges Rowley grabbed his buttocks. In his declaration, plaintiff states under penalty of perjury that Rowley's remarks and touching occurred simultaneously. (*Id.* at 16.) Rowley asks the court to disregard plaintiff's

evidence because the allegations of Rowley's accompanying remarks are not present in plaintiff's grievance #2006-29-78899, nor in Thomas Wright's affidavit, nor in the record of the disciplinary hearing. (ECF No. 31 at 8.) However, the court must refrain from weighing and discounting evidence at this stage. *See Liberty Lobby*, 477 U.S. at 249.

Moreover, the court is not bound by the extra-circuit cases Rowley provides. Under *Wood*, a reasonable jury could find that Rowley violated the Eighth Amendment without any need to find that Rowley's gripping was accompanied by sexual remarks, so long as the jury found that Rowley gripped plaintiff's buttocks without any penological justification. *See* 692 F.3d at 1949-51 (sexual assault is always "deeply offensive to human dignity" and raises the inference and malicious and sadistic intent). Finally, Rowley contends that plaintiff cannot produce evidence that Rowley gripped plaintiff's buttocks in a sexual manner because it is plausible that any touching was incidental to applying handcuffs. (ECF no. 24 at 10.) However, both plaintiff's declaration and Thomas Wright's affidavit state that Rowley grabbed plaintiff after he completed handcuffing plaintiff. (ECF No. 31 at 15, 16.) Evidently, the parties dispute a material fact that bears upon whether Rowley's alleged grabbing was sexual in nature. The evidence, when seen in the light most favorable to plaintiff, is sufficient to allow a reasonable jury to find in favor of plaintiff. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). Accordingly, Rowley has failed to carry his burden of establishing that no reasonable jury could find in favor of plaintiff. The court recommends that Rowley's motion for summary judgment as to plaintiff's Eighth Amendment claim be denied. *See Celotex,* 477 U.S. at 323

## IV.   CONCLUSION

The court concludes that Rowley has met his burden of demonstrating that plaintiff failed to exhaust available administrative remedies as to his Fourteenth Amendment equal protection claim, but not as to his Eighth Amendment sexual harassment claim. The court further concludes that Rowley has failed to demonstrate that there are no genuine issues of material fact for trial. The court recommends that Rowley's motion for summary judgment be granted as to plaintiff's Fourteenth Amendment claim, and denied as to plaintiff's Eighth Amendment claim.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Rowley's motion for summary judgment (ECF No. 24) be **GRANTED** as to plaintiff's Fourteenth Amendment equal protection claim.

**IT IS FURTHER RECOMMENDED** that Rowley's motion for summary judgment (ECF No. 24) be **DENIED** as to plaintiff's Eighth Amendment sexual harassment claim.

**IT IS FURTHER RECOMMENDED** that plaintiff's cross-motion for summary judgment (ECF No. 30) be **DENIED AS MOOT.**

DATED: January 8, 2018

_____
UNITED STATES MAGISTRATE JUDGE