# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| RICKEY LEE HILL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHRISTIAN ROWLEY, )<br>)<br>Defendant. )<br>) | 3:15-cv-00038-RCJ-VPC<br><br>**ORDER** |

This is a prisoner civil rights case brought under 42 U.S.C. § 1983. The Court dismissed the Complaint upon screening under 28 U.S.C. § 1915A. The Court of Appeals affirmed in part but reversed as to the dismissal of the sexual harassment and equal protection claims based on Defendant's alleged gripping of Plaintiff's buttocks and denial of leave to amend some other claims. Plaintiff declined to amend, so the Court dismissed the Defendant who was not implicated in the remaining claims. The parties have filed cross-motions for summary judgment. The Magistrate Judge has recommended granting the motion as against the equal protection claim but denying it as o the sexual harassment claim. Plaintiff has asked the undersigned to recuse. Defendant has moved to strike Plaintiff's opposition to the Report and Recommendation ("R&R").

First, the Court denies the motion to recuse. Defendant cites the Court's previous rulings against him in this and other cases, but that is no basis for recusal. *See Habrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045–46 (9th Cir. 1987).

Second, the Court denies the motion to strike. The Court will not strike an opposition from the record simply because it is untimely. Untimeliness is not a basis for striking a document even assuming the relevant rule applies to all documents and not only "pleading[s]." *See* Fed. R. Civ. P. 12(f).

Third, the Court overrules the objection, even assuming its untimeliness were to be excused. The Court agrees with the Magistrate Judge that Plaintiff failed to exhaust his equal protection claim. The Court of Appeals affirmed the Court's screening dismissal of the equal protection claim "based on defendant Rowley's comments to Hill because verbal harassment is insufficient to state a constitutional deprivation under § 1983." The equal protection claim based on the alleged grabbing remains, but Defendant has shown non-exhaustion of that claim. Plaintiff argues that the comment Defendant allegedly made about his "vagina" while grabbing him should have alerted NDOC that Plaintiff wished to pursue an equal protection claim. But the grievance Plaintiff submitted about the grabbing does not indicate any such comment. It only indicates that Defendant "gripped my ass." (*See* Informal Grievance No. 2006-29-78899, ECF No. 24-3). The "open your vagina" comment was related to NDOC via a separate grievance. (*See* Emergency Grievance, ECF No. 30, at 11). A person assessing Grievance No. 2006-29-78899 would not reasonably perceive an equal protection claim by the mere fact of an alleged grabbing, and there is no evidence of the emergency grievance having been further pursued.

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 47) is ADOPTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 24) is GRANTED IN PART and DENIED IN PART, as explained in this Order.

IT IS FURTHER ORDERED that the Motion to Recuse (ECF No. 43), the Motion to Strike (ECF No. 49), and the Motion for Summary Judgment (ECF No. 30) are DENIED.

IT IS SO ORDERED.

Dated this 27 day of March, 2018.

_____
ROBERT C. JONES
United States District Judge