UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL, | 3:15-cv-00038-RCJ-CBC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| C. ROWLEY, *et al.,* | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court are Plaintiff's motions for a preliminary injunction and/or temporary restraining order (ECF Nos. 69 and 70)[1], Defendants' oppositions to these motions (ECF Nos. 73 and 74), and Plaintiff's consolidated reply (ECF No. 77). Plaintiff also filed a first supplemental motion for preliminary injunction and/or temporary restraining order (ECF Nos. 84 and 84), which defendants opposed (ECF Nos. 85 and 86). Finally, Plaintiff filed a second supplement to the motions (ECF No. 89). For the reasons described below, the court recommends that the motions be denied.

**I.    PROCEDURAL HISTORY**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is incarcerated at Ely State Prison ("ESP") in Ely, Nevada. Proceeding *pro se*, Plaintiff filed the instant civil rights action pursuant to 18 U.S.C. § 1983 alleging various

---

[1] ECF Nos. 69 and 70 are identical and will addressed together in this Report and Recommendation.

claims against two ESP correctional officers, Christian Rowley ("Rowley") and K. Spiers. (ECF No. 5.)

On June 24, 2015, the District Court screened and dismissed Plaintiff's complaint. (ECF No. 4.)  Plaintiff appealed the dismissal to the Ninth Circuit Court of Appeals and, on August 26, 2016, the Ninth Circuit reversed the dismissal, in part. (ECF No. 13.) The Ninth Circuit found Plaintiff had stated an Eighth Amendment sexual harassment claim and Fourteenth Amendment equal protection claim against Rowley and remanded the case for further proceedings.  (ECF No. 13.)

Following the remand, Rowley filed a motion for summary judgment seeking dismissal of both remaining claims. (ECF No. 24). The district court granted the motion, in part, dismissing Plaintiff's Fourteenth Amendment equal protection claim. (ECF No. 53). At present, the only remaining claim in this litigation relates to Plaintiff's Eighth Amendment sexual harassment claim against Rowley. (*Id.*) This claim is premised upon Plaintiff's assertions that on April 29, 2014, Rowley "gripped [Plaintiff's] ass" while handcuffing Plaintiff for transport to the nurse. (ECF No. 5 at 4.)  Plaintiff alleges Rowley's actions constitute sexual harassment, as well as intentional discrimination, "based on the fact that plaintiff is a Gay-Black-Sex-Offender on NDOC charts." (*Id.* at 4-5.)

Defendant filed his answer on July 24, 2018 and denied the allegations. (ECF No. 66). A scheduling order was entered and discovery is now proceeding.

**II.    FACTS RELATED TO CURRENT MOTION**

On August 6, 2018, Plaintiff filed the instant motions seeking a preliminary injunction and/or temporary restraining order ("TRO"). (ECF Nos. 69, 70). In these motions, Plaintiff claims Rowley conducted on a search of his cell on July 26, 2018 and "tore up Admissions and Interrogatories/Written depositions . . .[Rowley] knew [Plaintiff]" had prepared to deliver in this case. (ECF No. 69 at 2; ECF No. 70 at 2). Based on these facts, Plaintiff requested the court enter an immediate injunction and/or TRO directing NDOC to transfer him to another NDOC prison facility and, in the meantime, prohibit

Rowley from searching his cell for "(90) ninety days, unless [he] brings a video camera." (ECF No. 69 at 1; ECF No. 70 at p. 1). Defendant timely opposed each motion arguing none of the factors necessary for issuing an injunction and/or TRO are supported by Plaintiff's Motions. (ECF Nos. 73, 74). Plaintiff filed a reply. (ECF No. 77).

On September 18, 2018, Plaintiff filed two additional documents entitled, "Motions for Preliminary Injunction and TRO (1st) Supplement." (*See* ECF Nos. 83 and 84). Defendant opposed. (*See* ECF Nos. 85 and 86.)  Finally, Plaintiff filed a second supplement to the motions (ECF No. 89).

Having read and considered each of the above filings, the Court makes the following recommended disposition.

**III.   DISCUSSION**

  **A.   Legal Standard**

Preliminary injunctions and temporary restraining orders are governed by the same legal standard. *See Quiroga v. Chen*, 735 F.Supp.2d 1226, 1228 (D. Nev. 2010). Such remedies are "extraordinary and drastic . . . [and] never awarded as of right[.]" *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (internal citations omitted).  When moving for a preliminary injunction or TRO, the plaintiff must make several showings: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the equities balance in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  In the Ninth Circuit, courts are to apply a "'sliding scale approach'" in evaluating the motion, "such that 'serious questions going to the merits and a balance of hardships that tips sharply towards the Plaintiff can support issuance of a preliminary injunction, so long as the Plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest.'" *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

1    Other considerations may apply to injunctive relief within the prison context. First, a more stringent standard applies where a party seeks affirmative relief. Ordinarily, preliminary injunctive relief aims to preserve the status quo pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009). When "a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, mandatory preliminary relief is only warranted where both the facts and the law clearly favor the moving party and "extreme or very serious damage will result." *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 2009) (internal quotation omitted). Second, the Prison Litigation Reform Act ("PLRA") provides that, with regard to prison conditions,

> [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Therefore, the PLRA "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. California*, 220 F.3d 987, 999 (9th Cir. 2000).

    Finally, in addition to the requirements described above, the Supreme Court has observed that a preliminary injunction motion must seek relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a court may not enjoin conduct relating to "a matter lying wholly outside the issues in the suit." *Id.* In the same vein, the Ninth Circuit recently ruled that "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v.*

*Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a sufficient "relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

### B.  Analysis

Here, Plaintiff's Motions fail to establish that a preliminary injunction or TRO should be issued in this case. First, the assertions claimed in Plaintiff's Motions and the alleged actions Plaintiff seeks to enjoin are unrelated to the conduct asserted in the underlying complaint. In this case, the only remaining claim in this matter is exclusively related to Plaintiff's claims that in approximately April 2014, Rowley "gripped [Plaintiff's] ass" while handcuffing Plaintiff for transport to the nurse. (ECF No. 5 at 4.) Plaintiff alleges these actions constitute sexual harassment, as well as intentional discrimination, "based on the fact that plaintiff is a Gay-Black-Sex-Offender on NDOC charts." (*Id.* at 4-5.)

The allegations in Plaintiff's motions and supplements involve the search of his cell by Rowley that allegedly resulted in the destruction of documents Plaintiff prepared to provide in discovery in this case. (ECF No. 69 at 2; ECF No. 70 at 2). Nothing in these allegations show any relationship between the injury complained of in Plaintiff's motions and the allegations contained in the complaint. On this basis alone, this court lacks authority to grant the relief requested in Plaintiff's motions and the motions should be denied. *See Pac. Radiation Oncology,* 810 F.3d at 636.

However, even if the court assumed the allegations in the motions were somehow related to the allegations in the complaint, Plaintiff's motions should still be denied because Plaintiff has failed to establish that he is likely to succeed on the merits or that he will suffer irreparable harm. First, there is no evidence Plaintiff is likely to succeed on the merits of his Eighth Amendment sexual harassment claim based on the facts stated in the motions. The motions state Rowley searched Plaintiff's cell and destroyed legal documents. (See ECF No. 69 at 2; ECF No. 70 at 8). There is no evidence or proof that this conduct was

1  related to, motivated by, or even constitutes any type of sexual harassment as alleged in
2  the complaint.
3       Second, there is no evidence or proof Plaintiff has, or will suffer, any irreparable
4  injury if an injunction or TRO is not granted in this case. In the context of an injunction or
5  TRO, the plaintiff must demonstrate a real or immediate threat of an irreparable injury" in
6  order for such relief to be granted. *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092,
7  1100 (9th Cir. 2000). In his moving papers, Plaintiff claims he will suffer irreparable injury
8  because "this is the 7th or 8th times (ESP) staff has discarded [his] legal work days before
9  it is due." (ECF No. 69 at 2). This conclusionary allegation alone is insufficient to establish
10 a "real or immediate threat" of irreparable injury sufficient to issue the extreme relief of an
11 injunction or a TRO. In fact, there is no evidence that such actions have been taken in the
12 past by Rowley nor is there any evidence that such actions are likely be taken in the future
13 absent the imposition of an injunction or TRO. To the contrary, Plaintiff's supplemental
14 filings establish he has submitted a grievance for the alleged actions taken in this case
15 and that grievance was "partially granted." (*See* ECF No. 83 at 4.) As such, the prison
16 grievance system itself can address, and in fact, appears to be, addressing the very issues
17 Plaintiff is complaining of in his motions. Accordingly, Plaintiff has failed to establish that
18 he will suffer irreparable injury if an injunction or TRO is not entered in this case.

19 **IV.   CONCLUSION**

20       Having found that Plaintiff's assertions do not relate to the underlying complaint and
21 that Plaintiff is not likely to succeed on the merits or to suffer irreparable harm if an
22 injunction or TRO is not entered, and in light of the heightened standard for an award of
23 mandatory relief, the court concludes Plaintiff's motions should be denied.
24       The parties are advised:
25       1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of
26 Practice,   the parties may file specific written objections to this Report and
27 Recommendation within fourteen days of receipt.  These objections should be entitled
28

"Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motions for preliminary a preliminary injunction and/or TRO (ECF Nos. 69 and 70) and Plaintiff's Motions for Preliminary Injunction and/or TRO (Ist Supplement and 2nd Supplement - ECF Nos. 83, 84 and 89) be **DENIED.**

**DATED**: September 26, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**