UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKIE L. HILL, | 3:15-cv-00038-RCJ-CBC |
| Plaintiff, | |
| v. | **REPORT AND REMENDATION OF U.S. MAGISTRATE JUDGE**[1] |
| C. ROWLEY, *et al.*, | |
| Defendants. | |

Before the court is defendant Christian Rowley's ("Rowley") motion for summary judgment. (ECF No. 104.) Plaintiff Rickie Hill ("Hill") filed an opposition and cross-motion for summary judgment, (ECF No. 110), and defendant replied, (ECF No. 111). Having thoroughly reviewed the record, the court hereby recommends Rowley's motion for summary judgment be denied.

I.  **PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Hill is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is incarcerated at Ely State Prison ("ESP") in Ely, Nevada. Pursuant to 42 U.S.C. § 1983 and proceeding *pro se*, plaintiff brings a civil rights action against ESP Correctional Officer Christian Rowley ("Rowley"). (ECF No. 5.) The parties have engaged in extensive pretrial litigation. Currently, the only surviving claim in this case is a claim for sexual harassment in violation of the Eight Amendment. (See ECF No. 53).

This claim arises from the following simple facts. According to the complaint, Rowley "gripped [Hill's] ass" while handcuffing him for transport to the nurse. (*Id.* at 4.) Hill contends that Rowley's actions constitute sexual harassment, "based on the fact that plaintiff is a Gay-Black-Sex-Offender on NDOC charts." (*Id.* at 4-5.)

---

[1]   This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

On November 30, 2018, Rowley moved for summary judgment arguing this case should be dismissed because he is entitled to qualified immunity. (ECF No. 104). According to Rowley, there is no "clearly established" law that establishes "inadvertent touching" of an inmate while handcuffing them constitutes "sexual abuse" in violation of the Eighth Amendment. (Id. at 2, 6). Hill opposed, (ECF No. 110), and Rowley replied. (ECF No. 111). After extensively reviewing the record and the above filings, the court recommends Rowley's motion for summary judgment be denied.

## II. LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party

2

does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

///

### III. DISCUSSION

#### A. Legal Standards for Civil Rights Claims under § 1983

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

#### B. Legal Standards for Qualified Immunity

"[G]overnment officials performing discretionary functions [are entitled to] a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (citations omitted); *see also Wood v. Moss*, 572 U.S. 744, 757 (2014) ("The doctrine of qualified immunity protects government officials from liability for civil damages … ."); *Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018). "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam)); *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (per curiam); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1037 (9th Cir. 2018). The

reasonableness of the officer's conduct is "judged against the backdrop of the law at the time of the conduct." *Kisela*, 138 S. Ct. at 1152 (quotation marks and citation omitted).

The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity claims. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001), overruled, in part, on other grounds by, *Pearson v. Callahan*, 555 U.S. 223 236 (2009). First, the court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury … show [that] the [defendant's] conduct violated a constitutional right[.]" *Saucier*, 533 U.S. at 201. "If there is no constitutional violation, the inquiry ends and the officer is entitled to qualified immunity." *Ioane*, 903 F.3d at 933. Second, the court must determine whether the right was clearly established at the time of the alleged violation. *Saucier*, 533 U.S. at 201; *Wood v. Moss*, 572 U.S. 744, 757 (2014) ("The doctrine of qualified immunity protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'") (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). *Saucier's* framework is not an inflexible. *Pearson, 555 U.S. at 236* (explaining the sequence, while "often appropriate," "should no longer be regarded as mandatory"). Rather, judges are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.*

C.   Analysis

The issue presented by Rowley's motion centers upon the second element of the *Saucier* test. (ECF No. 104 at 6). Rowley asserts that even if a constitutional violation occurred in this case, the right complained of by Hill was not "clearly established" at the time the events giving rise to this case occurred. (*Id.*) Rowley, however, defines the "right" at issue in this case as merely the "inadvertent touching of an inmate while handcuffing him for transport." (*Id.*) This, however, is incorrect. As has repeatedly been

stated in this case, in various orders from this court and the Ninth Circuit Court of Appeals, the actual right at issue in this case is Hill's right to be free from sexual harassment in violation of the Eighth Amendment. This right, and the contours of this right, were clearly established when this case arose.

It is well settled law in the Ninth Circuit that "sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment," even if involving individuals of the same sex. *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000). Although the Ninth Circuit has made clear that the Eighth Amendment is not violated by mere verbal sexual harassment, sexual harassment that involves unwanted touching is a violation of a constitutional right. *Schwenk*, 204 F.3d at 1197.

Here, Hill asserts that Rowley intentionally and deliberately gripped Hill's buttocks after he was placed in handcuffs. (ECF No. 110 at 2). Hill further asserts that this was done because of his status as a "gay, black, sex offender." (*Id.* at 3).[2] Moreover, Hill has previously presented evidence to the court that indicates that Rowley's touching was accompanied by sexual comments that plaintiff "open [his] vagina," and that plaintiff is "in prison for sucking on that lil boys [sic] dick." (ECF No. 30 at 11.) At the time these events occurred, it was clearly established law that sexual harassment involving the improper sexual touching of an innate by a guard was illegal. Therefore, Rowley is not entitled to qualified immunity based on the facts of this case and the court recommends that Rowley's motion for summary judgment be denied.

**IV.   CONCLUSION**

The court concludes that Rowley is not entitled to qualified immunity related to his alleged sexual harassment of Hill and the court recommends that Rowley's motion for summary judgment be denied.

---

[2]   This court previously denied summary judgment on the substance of this claim after concluding there was a material issue of fact of whether these facts constituted a violation of the Eighth Amendment. (ECF No. 53).

6

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.   RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Rowley's motion for summary judgment (ECF No. 104) be **DENIED.**

**DATED**: March 15, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**